IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ISMAEL VILLEGAS,<br><br>　　　　Defendant. | CR 06-1733-TUC-DCB (GEE)<br><br>**REPORT AND RECOMMENDATION** |

　　　　On May 11, 2007, defense counsel filed a motion requesting an evaluation of this defendant's mental competency and this court signed an order granting the motion on May 15th. The defendant subsequently refused to cooperate with the person in private practice who his counsel had designated to carry out the evaluation, and, therefore on June 19, 2007, defense counsel filed a written motion that the defendant be evaluated at a Bureau of Prisons facility. This court granted that motion on July 31, 2007. The written evaluation, dated January 4, 2008, was received and reviewed by the court, and copies provided to all counsel. On January 24, 2008, a hearing was held before this court to consider the issue of competency.

　　　　At the hearing on January 24, 2008, this court observed that the defendant sat at counsel table with his lawyer but refused to interact with him in any way. In fact, the defendant sat with his back turned away from both his counsel and the judge. The defendant

also refused to put on the headset which would allow him to hear the interpreter's translation. It should be noted that the record reflects there is some question as to whether the defendant speaks English–at his detention/preliminary hearing he did not use the services of an interpreter, but did so at his arraignment. The evaluation report did not indicate that personnel at the Metropolitan Detention Center (BOP) had any difficulty communicating with the defendant in English during his evaluation period. (In fact, this court spoke with Lisa Hope, the forensic psychologist who wrote the evaluation report, and she advised that because of the defendant's refusal to cooperate in the evaluation procedure the issue of his ability to understand English was never addressed. However, she stated that during his stay at the Metropolitan Detention Center the defendant was overheard communicating with other detainees in English.) At the hearing on January 24th the defendant would not respond to any questions put to him by the court. During the hearing the defendant did not speak or laugh inappropriately, nor did he appear preoccupied.

      Both counsel indicated they had reviewed the evaluation report which indicated "there is no evidence [the defendant] suffers from a mental disorder that impairs his present ability to understand the nature and the consequences of the court proceedings against him, or substantially impairs his capacity to properly assist counsel in a defense." The report further indicates the defendant has apparently made a "volitional choice to not cooperate with counsel in his defense, or participate in the court proceedings." At the competency hearing defense indicated the defendant has refused to communicate or cooperate with him since his return from the Metropolitan Detention Center. When asked by the court about any objections to the evaluation report, defense counsel stated he does not believe his client is competent and gave as the basis for this opinion the following: (1) the defendant's refusal to cooperate and/or communicate with his lawyer despite the fact he is facing a substantial period of incarceration, and (2) his very substantial criminal record. This court asked if defense counsel wanted another competency evaluation, and he (defense counsel) said it

would be futile given the defendant's past refusals to cooperate. Counsel for the government stated the court should adopt the report and find the defendant competent.

**DISCUSSION:**

During the hearing on January 24th, this court failed in efforts to evoke any response(s) from the defendant. The court advised the defendant that a trial would be held even if he continued to remain uncooperative. Defense counsel's reasons for doubting the defendant's competency are not persuasive. Based on the court's observations of the defendant during the few times he has been in court and his refusal to cooperate in attempts to evaluate his competency, and without any evidence to the contrary, this court believes the defendant's conduct does not result from any mental disorder, but rather is a calculated effort to thwart the judicial process.

**RECOMMENDATION:**

In view of the foregoing, the magistrate recommends that the District Court, after reviewing the evaluation report and personally observing the defendant, find the defendant is competent to proceed to trial. Any party may file and serve objections within 10 days after being served with a copy of this Report and Recommendation. If objections are not timely filed, the party's right to de novo review may be waived.

This Report and Recommendation is being faxed to all counsel on today's date. The Clerk of the Court is directed to send a copy to all counsel.

DATED this 7th day of February, 2008.

Glenda E. Edmonds
United States Magistrate Judge